IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **NO. 13-30-01** |
| **TYREEK STYLES** | : | |
| a/k/a "Reek" | : | |
| | : | |

**MEMORANDUM**

**TUCKER, C.J.**                                                                                                                         **May 27, 2015**

Presently before the Court is Defendant Tyreek Styles' Motion for a Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. 135). Upon consideration of Defendant's motion and memorandum of law, the Government's response, and for the reasons that follow, Defendant's motion will be DENIED.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

On the night of December 3, 2011, police responded to a report of home invasion robbery with shots fired on the 100 block of Springton Road in Upper Darby, Pennsylvania. The victims were T.D., the owner of Secane Deli & Grill, N.D, his son, E.D., his daughter, and D.T., his wife. T.D. was assaulted in his front yard after returning home from the Secane Deli & Grill. Four black males, two armed with guns, and all dressed in black, invaded the residence and ordered T.D.'s family members into the living room at gunpoint. The robbers demanded money and wanted to know where the safe was located. After ransacking the rooms, they stole money, a cell phone, credit cards, and a change jar. As the robbers fled, N.D. followed them and started shouting. One of the robbers turned and fired his gun in N.D.'s direction as they ran south along Springton Road.

1

After a five-day trial ending September 26, 2014, a jury found Defendant Tyreek Styles guilty of conspiracy to commit robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act"), robbery in violation of the Hobbs Act, and using and carrying a firearm in violation of 18 U.S.C. § 924(c). On October 3, 2014, Defendant, through counsel, filed a Motion for a Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. 135). After transcripts of the trial were completed, Defendant supplemented his motion with a memorandum of law (Doc. 148). The Government opposes Defendant's motion in a response filed May 20, 2015 (Doc. 155). Sentencing is set for June 2, 2015.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 governs motions for a judgment of acquittal. Rule 29(a) provides, in pertinent part: "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Such a motion may be made after the jury has returned a verdict. Fed. R. Crim. P. 29(c). When considering Rule 29 motions, the court is to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt. *U.S. v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). Courts should be careful not to usurp the jury's role in weighing credibility and evidence or to substitute its judgment for that of the jury. *Id.* The defendant bears the heavy burden of proving insufficiency. *U.S. v. Savage*, Crim. Action No. 07-550-03, 2014 WL 4631976, at *1 (E.D. Pa. Sept. 17, 2014) (citing *U.S. v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990)). "A finding of insufficiency should be confined to cases where the prosecution's failure is clear." *Brodie*, 403 F.3d at 133 (internal quotation marks omitted).

Rule 33 governs motions for a new trial: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A decision under Rule 33 is committed to the sound discretion of the district court. *U.S. v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *U.S. v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008) (quoting *U.S. v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). Even if the court believes the jury verdict is contrary to the weight of evidence, it cannot order a new trial unless it believes "that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Id.* at 1004-05 (quoting *Johnson*, 302 F.3d at 150)). Rule 33 motions are disfavored and should be "granted sparingly and only in exceptional cases." *Id.* at 1005 (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).

### III. DISCUSSION

The Court finds that there was more than sufficient evidence to convict Defendant of conspiracy to commit robbery and robbery in violation of the Hobbs Act. At trial, the Government introduced direct evidence of Defendant's guilt in the form of testimony from co-Defendants Jeramiah Stokes, a lifelong friend, and Tyrone Styles, Defendant's brother. They testified that Defendant was present during a surveillance trip of the victims' home and during a meeting to assemble the tools needed for the robbery, including a firearm, stun gun, clothing, and duct tape. Trial Tr. 120:15-123:18, 229:8-30, Sept. 24, 2014. They also testified that Defendant drove the conspirators to the scene of the robbery in a gold Chevrolet Malibu. *Id.* at 128:10, 230:17. Circumstantial evidence supports this testimony as police found the Malibu parked

across from the victims' house just minutes after the robbery and it was registered under Defendant's name. *Id.* at 10:18-20, 264:22-265:7, 280:19-281:20. An officer testified that, at the police station, Defendant admitted to being outside the victims' house on the night of the robbery. Trial Tr. 50:11-15, Sept. 25, 2014. And expert testimony showed that DNA found on black fabric discarded in a trashcan near the victims' house matched Defendant's. Trial Tr. 52:13-54:11, Sept. 24, 2014. The Government also produced sufficient evidence regarding the robbery's effect on interstate commerce because the money stolen included proceeds from the Secane Deli & Grill, which sold items produced in other states and abroad. *Id.* 64:14-67:11. The Court concludes that the evidence was sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

The Court also finds that the Government produced sufficient evidence to convict Defendant of carrying and using a firearm during a crime of violence. "[A] defendant can be convicted of aiding and abetting a violation of § 924(c)(1) without ever possessing or controlling a weapon if the defendant's actions were sufficiently 'intertwined with, and his criminal objectives furthered by' the actions of the participant who did carry and use the firearm." *U.S. v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (quoting *U.S. v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999)); *see also U.S. v. St. Jean*, 353 F. App'x 765, 768 (3d Cir. 2009); *U.S. v. Gilliard*, 248 F. App'x 462, 464 (3d Cir. 2007). Testimony in this case demonstrated that Defendant knew a firearm could be used because he was present with his co-conspirators when the equipment, including a gun, was prepared. Trial Tr. 123:13-22, Sept. 24, 2014. It was clear from Stokes' testimony that each conspirator, including Defendant, had a particular role in the robbery. *Id.* at 125:24-126:16. Defendant drove the robbers to the victims' home, assaulted T.D. in the yard, and later entered the house to signal the others that it was time to go. *Id.* at 127:5, 131:5-9,

134:3-7.  This evidence allowed the jury to infer that Defendant was sufficiently "intertwined with, and his criminal objectives furthered by" the participant who used and fired the gun. *Gordon*, 290 F.3d at 547.

Viewing this evidence in the light most favorable to the Government, the Court concludes that the jury's verdict was not against the weight of evidence and Defendant's Rule 29 motion for a judgment of acquittal is denied.  The Court also denies Defendant's alternative Rule 33 motion for a new trial because, in its own assessment of the Government's case, there is no serious danger of a miscarriage of justice.

**IV.    CONCLUSION**

For the reasons set forth above, the Court denies Defendant's Motion for a Judgment of Acquittal or, in the Alternative, for a New Trial.  An appropriate order follows.