IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-30 |
| TYREEK STYLES | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

As a prison guard at Curran-Fromhold Correctional Facility, defendant Tyreek Styles ("Styles") was a law enforcement officer. Instead of protecting the public, however, Styles terrorized and threatened families at gun point in the sanctity of their own homes. He further jeopardized the safety of the community by engaging in drug trafficking. Styles abused his position of trust by participating in significant criminal conduct while masquerading as a law enforcement officer. His outrageous and egregious conduct is deserving of nothing less than a sentence at the highest end of the guidelines, that is, 255 months.

A jury convicted Styles of a brutal and violent home invasion robbery of the owner of the Secane Deli and Grill in Upper Darby. This armed robbery was particularly dangerous because one of the co-conspirators discharged a firearm; its bullet was recovered by police in the bedroom of a neighbor's child. Even more significant, however, was that the victim was beaten at the hands of Styles. Although the jury acquitted the defendant of the earlier armed home invasion robbery of the owner of the Peking Inn in South Philadelphia, the Court may

-1-

consider acquitted evidence in fashioning an appropriate sentence. Again, the victims were held at gunpoint, struck, restrained, threatened and forced to turn over their life savings to the defendant and his co-conspirators. The government urges the Court to consider such evidence particularly in lieu of the defendant's trial strategy of introducing another individual as part of the conspiracy after proffering to the contrary. The government believes that the introduction of Tyrell Styles at trial was purposefully raised to create the inference that another Styles brother was part of the armed robbery conspiracy. This question about the defendant's twin was asked because Styles knew his brother was unavailable to testify as a government witness. *See* Attachment A. Tyrell Styles' testimony would not only have provided further evidence of the defendant's guilt but it would also have clearly shown to the jury that Tyrell Styles was not involved in any way with the conspiracy, that is, either robbery. Defense counsel only learned that the defendant had a twin brother who died because the government advised him of that fact. Because Tyrell Styles was unavailable to testify, the defendant not only attempted to negate the powerful DNA evidence but also to allude that the other twin brother could have been involved in the conspiracy.

The government objects to the Presentence Investigation Report ("PSI") because it does not include a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. According to Detective Matthew Rowles' testimony, a few days after the home invasion, Styles came to the police department to claim his car. The defendant lied when he told the Detective Rowles that his car had

overheated and broke down. He made several statements that were inconsistent with the evidence and when confronted, he had no explanation. Finally, Styles gave Detective Rowles the wrong cell phone number. With the two-level enhancement, the defendant's guidelines range is 228-255 months. The government recommends that Styles should be sentenced to 255 months.

I.  BACKGROUND

On or about January 16, 2014, a federal grand jury returned a second superseding indictment charging defendant with conspiracy to commit robbery which interferes with interstate commerce, in violation of 18 U.S.C. 1951 (Count One), robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951 (Counts Two and Four), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three and Five). A jury convicted the defendant of Counts One, Four and Five on September 26, 2014.

II.  SENTENCING CALCULATION.

A.  Statutory Maximum Sentence.

The maximum sentence that may be imposed on defendant Styles:

Count One (conspiracy to commit Hobbs Act robbery): 20 years' imprisonment; a three year period of supervised release, a $250,000 fine, and a $100 special assessment;

Count Four (Hobbs Act robbery): 20 years' imprisonment; a three year period of supervised release, a $250,000 fine, and a $100 special assessment; and

Count Five (aggravated identity theft): a mandatory minimum ten years' imprisonment consecutive to any other sentence to life imprisonment, a five year period of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum and Mandatory Minimum Sentence is: life imprisonment, including ten years' mandatory minimum imprisonment, a five year period of supervised release, a $750,000 fine, and a $300 special assessment. Full restitution of at least shall also be ordered.

    B.    Sentencing Guidelines Calculation.

The government disagrees with the guidelines calculation prepared by U.S. Probation in the PSI. Defendant's base offense level is 20 pursuant to U.S.S.G. § 2B3.1. There is a four-level upward adjustment because the victim sustained bodily injury. U.S.S.G. § 2B3.1(b)(3)(B). There is another four-level increase because the victims were abducted, U.S.S.G. § 2B3.1(b)(4)(A). Although not included in the PSI, an additional two levels should be added because the defendant obstructed justice pursuant to 3C1.C making the total offense level 30. Styles is a criminal history category II. Defendant's sentencing guidelines range is thus 108-135 months, plus a mandatory consecutive 120 months, or 228-255 months.

## III. ANALYSIS OF § 3553(a) FACTORS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is calculated by the guidelines range of 228 to 255 months' imprisonment.

-4-

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for-
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

In a standard analysis, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing. Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which, as explained above, is best accomplished through faithful application of the guidelines. The other 3553(a) factors also point to this conclusion.

The serious nature and circumstances of this offense cannot be overstated. The defendant was a law enforcement officer, that is, a Philadelphia Correctional Officer, when he committed these violent home invasion robberies. Law enforcement officers, who are charged with upholding law and order, are held to a higher standard of conduct, making Styles' crimes even more egregious. Disturbingly, he and his co-conspirators were involved in multiple home invasion attempts, a burglary, and a strong armed robbery even before the two violent home invasions for which he was charged. And if that were not enough, the defendant was also dealing drugs. Styles committed all of these crimes while a law enforcement officer.

Any sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The sentence must promote respect for the law and serve to deter others from following the defendant's example. Just punishment is a sentence that reflects the impact of defendant's crime on the safety of the community.

Only a sentence at the highest end of the guidelines range will satisfy all the factors set forth in 18 U.S.C. § 3553(a) in this case.

## IV. CONCLUSION

For all of these reasons, the government respectfully recommends that the Court sentence defendant Tyreek Styles to 255 months' imprisonment.

                      Respectfully submitted,

                      ZANE DAVID MEMEGER
                      Acting United States Attorney

                      s/ *Jennifer Chun Barry*
                      JENNIFER CHUN BARRY

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Government's Sentencing Memorandum by electronic filing on defense counsel of record.

>Salvatore C. Adamo, Esq.
>1434 Knox Avenue, Suite 300
>Easton, PA 18040
>Email: SCAdamo11@aol.com

>_s/ Thomas M. Zaleski for_
>JENNIFER CHUN BARRY
>Assistant United States Attorney

DATED: 6/11/15